# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY L. DANCE, JR.** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-1593 |
| v. | : | (JUDGE MANNION) |
| **COMMONWEALTH OF PENNSYLVANIA, et al.** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## MEMORANDUM

Presently before the court is defendants' motion to dismiss (Doc. 23) and "PLAINTIFF'S OPPOSITION RESPONSE BY WAY OF COUNTER MOTION TO STRIKE THE DEFENDANTS' "RENEWED" RULE 12(b)(6) MOTION TO DISMISS AND TO ENTER A DEFAULT JUDGMENT AGAINST THE DEFENDANTS," (Doc. 24) which the court generously construes as a motion to strike defendants' motion to dismiss and a motion to enter default judgment. Based on the following, defendants' motion to dismiss (Doc. 23) shall be **GRANTED** and plaintiff's motions to strike and for default judgment shall be **DEEMED WITHDRAWN**.

## I. BACKGROUND

On December 29, 2017, plaintiff Gary L. Dance, Jr. ("Dance") filed a complaint against defendants in the Eastern District of Pennsylvania ("Eastern District"). (Doc. 1). Dance's complaint alleges five counts all sounding in employment discrimination. (Doc. 1). Defendants filed a motion to dismiss in the Eastern District on March 23, 2018. (Doc. 7). After receiving briefs from the parties, the Eastern District court held a hearing on June 19, 2018, regarding the defendants' motion to dismiss. According to the Eastern District court, at the hearing, Dance consented to dismiss some of the claims that defendants sought to dismiss in their motion. (Doc. 18). Then, on July 9, 2018, the Eastern District court issued a memorandum (Doc. 18) and memorandum order (Doc. 19), which dismissed the claims agreed to by the parties[1] and transferred the remaining claims to this court.

On August 27, 2018, defendants filed a motion to dismiss the claims that were not dismissed by the Eastern District. (Doc. 23). Dance improperly filed an opposition response by way of counter motion (Doc. 24) on September 4, 2018, which this court deems as both a motion to strike defendants' present motion to dismiss and a motion for default judgment.

---

[1] Counts one and two against the Commonwealth of Pennsylvania and Pennsylvania State Police were dismissed. In addition, counts three, four, and five against all the individual defendants were dismissed.

Defendants filed a brief in support of their motion to dismiss on September 10, 2018. (Doc. 27). Then, on September 12, 2018, Dance filed a brief in opposition of defendants' motion. (Doc. 28). On September 19, 2018, Defendants filed a reply brief. (Doc. 29). Dance responded with a sur-reply brief on September 26, 2018, after seeking leave from the court. (Doc. 32). The parties' motions are now ripe for disposition.

## II. DISCUSSION

### a. Motion to Dismiss

Defendants' filed their motion to dismiss (Doc. 23) under Federal Rule of Civil Procedure 12(b)(6). Under Fed.R.Civ.P. 12(b)(6), a complaint can be dismissed, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550

U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id*. Furthermore, to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. at 555).

Defendants seek to dismiss Dance's claims under 42 U.S.C. §1983 ("§1983") occurring before December 29, 2015, and Dance's claims under Title VII of the Civil Rights Act of 1964 ("Title VII") occurring before September 15, 2015. Specifically, defendants argue that any §1983 claims before December 29, 2015, are barred by a two-year statute of limitations and that any Title VII claims before September 15, 2015, are barred by the three-hundred-day rule.

Claims brought under §1983 are subject to state statutes of limitations governing personal injury actions. *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003) (citations omitted). "The Pennsylvania statute of limitations for personal injury applicable here is two years" from the alleged injury. *Id*. (citing 42 Pa. Cons. Stat §5524(7) (2014)). Dance filed his

complaint on December 29, 2017. (Doc. 1). Thus, the plaintiff is only entitled to allege §1983 claims where his injury occurred on or after December 29, 2015.

In his brief in opposition, Dance alleges that the Pennsylvania State Police ("PSP") have a policy, which prevented the plaintiff from bringing this lawsuit until "the PSP complaint and appeals process is exhausted." (Doc. 28, at 5). However, Dance's complaint makes no such assertion. Dance admits that he was advised "there was no requirement to file" a complaint internally and that he "has the right to *'file with an outside agency.'*" (Doc. 1, at 37) (Doc. 1, at 56). Then, on July 11, 2016, Dance filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), thereby demonstrating there was no policy preventing Dance from filing a complaint outside the PSP. (Doc. 1, at 38).

In light of the preceding, Dance's claims under §1983 that occurred before December 29, 2015, shall be **DISMISSED**.

Next, defendants seek to dismiss several of Dance's Title VII claims. "Before beginning a Title VII suit, a plaintiff must first file a timely EEOC charge." *Lewis v. Chicago*, 560 U.S. 205, 210 (2010). "In this case, [Dance's] charges were due within 300 days 'after the alleged unlawful employment practice occurred.'" *Id*. (citing 42 U.S.C. §2000e-5(e)(1) (2009)). Dance filed

his complaint with the EEOC on July 11, 2016. (Doc. 1, at 38). As such, defendants seek to dismiss Title VII claims arising from "alleged unlawful employment practice" that occurred prior to September 15, 2015—three-hundred days before the filing of Dance's EEOC complaint. Because Dance was required to file EEOC charges within three-hundred days of the "alleged unlawful employment practice," and the filing of EEOC charges is a prerequisite to filing a Title VII claim, any "alleged unlawful employment practice" that occurred before September 15, 2015, could not be brought before the EEOC, and in turn, this court.

In light of the preceding, Dance's claims under Title VII that occurred before September 15, 2015, shall be **DISMISSED**. With that, defendants Colonel Marcus Brown, Lieutenant Colonel George Bivens, and Captain Gregory Bacher shall be **DISMISSED** as there are no remaining claims against them.

### b. Motion to Strike & Motion for Default Judgment

On September 4, 2018, Dance improperly filed a document containing several flaws[2]. (Doc. 24). Dance divided his document into two sections—

---

[2] Dance's document (Doc. 24), is titled as an opposition response by way of counter motion. To the contrary, on the court's docketing system,
*(footnote continued on next page)*

"MOTION RESPONSE" and "PLAINTIFF'S RULE 12(f) COUNTER MOTION." In the "MOTION RESPONSE" section, Dance responds to defendants' motion to dismiss by admitting or denying the allegations made by defendants, which is unnecessary practice in federal court.

Then, in the "PLAINTIFF'S RULE 12(f) COUNTER MOTION" section, Dance asks the court to strike defendants' motion to dismiss because it is "redundant" under Fed.R.Civ.P. 12(f) and enter default judgment under Fed.R.Civ.P. 55(b) because defendants have not answered Dance's complaint. While the title and docketing of Dance's document[3] is misleading, the court liberally construes the document as both a motion to strike and a motion for default judgment.

Under Local Rule 7.5, a party filing a motion shall file a brief in support of the motion within fourteen days after the filing of the motion. If a supporting brief is not filed within fourteen days, the motion shall be deemed withdrawn. M.D.Pa. L.R. 7.5. Therefore, because plaintiff failed to file a brief in support of his document, which the court construes as a motion to strike and a motion for default judgment, the motions are **DEEMED WITHDRAWN**.

---

Dance docketed this document as a brief in opposition to defendants' motion to dismiss.

[3] *See supra* note 1.

Even had the court considered Dance's motions, they are improper and would be dismissed. First, Dance seeks to strike defendants' motion under Fed.R.Civ.P. 12(f), however, that rule only applies to "pleadings." Because a motion is not a pleading, this is an improper method for Dance to challenge defendants' motion. Second, Dance seeks entry of default judgment against defendants under Fed.R.Civ.P. 55(b). Yet, the entry of default judgment against defendants requires that defendants have already defaulted. Thus, because no court has entered default against defendants, Dance's motion for entry of default judgment is improper.

In *International Union of Electrical, Radio and Machine Workers v. Robbins & Myers*, 429 U.S. 229 (1976), the United States Supreme Court provided ample guidance to combat Dance's allegation that discovery will lead to evidence entitling him to equitable tolling. *International Union*, like the present case, involved a black employee alleging racial discrimination against his employer under Title VII. *Id*. The petitioners argued that "the conclusion of the grievance procedures, not the date of the discharge, was the 'final' date of 'the alleged unlawful practice'" that should be used to calculate filing deadlines. *Id*. at 230. The Supreme Court stated "that petitioners' arguments for tolling the statutory period for filing a claim with the EEOC during the pendency of grievance or arbitration procedures under the

collective-bargaining contract are virtually foreclosed" by the Court's prior decisions. *Id*. at 236 (citations omitted). In addressing all of petitioners' assertions as to why tolling should apply, the Supreme Court said they "think all of petitioners' arguments taken together simply do not carry sufficient weight to overcome the negative implication from the language used by Congress" in forming the limitations period for filing charges with the EEOC. *International Union*, 429 U.S. at 240.

### III. CONCLUSION

Based on the preceding, defendants' motion to dismiss (Doc. 23) shall be **GRANTED,** and plaintiff's document (Doc. 24), which the court construes as a motion to strike and motion for default judgment shall be **DEEMED WITHDRAWN**. Plaintiff has no remaining claims against defendants Colonel Marcus Brown, Lieutenant Colonel George Bivens, and Captain Gregory Bacher; they will be **DISMISSED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 4, 2019**
O:\MANNION\SHARED\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-1593-01.DOCX