# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY L. DANCE, JR.** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-1593 |
| v. | : | (JUDGE MANNION) |
| **COMMONWEALTH OF PENNSYLVANIA, et al.** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## MEMORANDUM

Presently before the court is the plaintiff Gary L. Dance, Jr.'s ("Dance") motion for reconsideration (Doc. 43) asking this court to vacate its prior order (Doc. 37) and grant Dance leave to amend his complaint[1]. Based on the following, Dance's motion for reconsideration (Doc. 43) will be **DENIED**.

### I.  BACKGROUND

On February 4, 2019, this court granted defendants' motion to dismiss (Doc. 23). *See* (Doc. 37). Considering the statutes of limitation presented by defendants in their motion to dismiss, the court dismissed plaintiff's claims

---

[1] Since filing the present motion, Dance has filed a separate motion to amend his complaint. (Doc. 50). This issue will be addressed by a separate order, which shall follow.

under 42 U.S.C. §1983 that occurred before December 29, 2015, and claims under Title VII of the Civil Rights Act of 1964 that occurred before September 15, 2015. (Doc. 37). As such, the court dismissed three defendants, who no longer had claims against them remaining. (Doc. 37).

Shortly after the court entered its order on February 4, 2019, Dance obtained new legal counsel. *See* (Doc. 41; Doc. 42). Through his new counsel, Dance filed the present motion for reconsideration (Doc. 43) on February 18, 2019, and a brief in support (Doc. 44) the next day. On March 12, 2019, defendants filed a brief in opposition. (Doc. 49). On March 22, 2019, Dance filed a reply brief in support of his motion for reconsideration. (Doc. 52). This motion is ripe for disposition.

## II.  LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Labs. Inc.*

*v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *Chesapeake Appalachia, LLC v. Scott Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (Generally, reconsideration motions should be granted sparingly.); *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). "The standard for granting a motion for reconsideration is a stringent one . . . [A] mere disagreement with the court does not translate into a clear error of law." *Chesapeake Appalachia, LLC*, 73 F. Supp. 3d at 491 (quoting *Mpala v. Smith*, 2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007), *aff'd*, 241 Fed. Appx. 3 (3d Cir. 2007)) (alteration in original).

### III. DISCUSSION

Dance argues that "[u]nder the circumstances of this case, it was a "clear error of law" and "manifest injustice" for this [c]ourt to address or adjudicate the applicable statute of limitations from the face of a pleading as to hostile work environment claims." (Doc. 43, at 6) (emphasis removed). Specifically, Dance argues that a continuing pattern of conduct that is "non-discrete" cannot be excluded from a hostile work environment claim on statute of limitation grounds. (Doc. 44, at 8-9). Notwithstanding the merits of

Dance's argument, Dance failed to raise said argument until his motion for reconsideration.

Just as the Third Circuit Court of Appeals "adheres to a [well-established] principle that it is inappropriate for an appellate court to consider a contention raised on appeal that was not initially presented to the [d]istrict [c]ourt" *Lloyd v. HOVENSA*, 369 F.3d 263, 272-73 (3d Cir. 2004), "[a] similar rule applies where the argument is first raised during a motion for [reconsideration]." *Carroll v. Astrue*, 402 Fed.Appx. 709, 711-12 (3d Cir. 2010); see *Pittston Co. Ultramar America Ltd. V. Allianz Ins. Co.*, 124 F.3d 508 (3d Cir. 1997) (declining to consider an argument first raised in a motion for reconsideration on appeal); see also *Kiewit Eastern Co. v. L&R Const. Co.*, 44 F.3d 1194, 1204 (3d Cir. 1995) (explaining that "[c]ourts often take a dim view of issues raised for the first time in post-judgment motions" and that it is in the [d]istrict [c]ourt's sound discretion to refuse consideration).

The court does "have discretion to hear an otherwise waived argument, but we do so only in exceptional circumstances such as where . . . manifest injustice would result from the failure to consider such issues." *Caroll*, 402 Fed.Appx. at 712 (quoting *Huber v. Taylor*, 469 F.3d 67, 84 (3d Cir. 2006)) (internal citations and quotation marks omitted). This court does not find this case to be one of these extremely rare scenarios. The arguments raised by Dance through his reconsideration motion may be correct, but the merits of

Dance's argument are of no moment herein. A motion for reconsideration is not a vehicle to raise arguments that were previously available prior to entry of judgment. Courts have rules of procedure for a reason, and Dance should have raised his current arguments when he was presented with defendants' motion to dismiss. Dance has not presented any extenuating circumstance indicating that it was not possible to raise such an argument previously. A motion for reconsideration is a tool that should only be utilized for extremely limited purposes; it is not a way to get a "second bite at the apple."

Furthermore, the policy interest in protecting the finality of court decisions compels the denial of reconsideration. This court will not create any precedent, which entertains the notion that a party, who is unsuccessful in a dispositive motion, may obtain new counsel in an effort to raise, on reconsideration, arguments that were in existence but not raised during the original motion briefing.

Based on the foregoing, Dance's motion for reconsideration (Doc. 43) shall be **DENIED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 23, 2019**
18-1593-02