# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY L. DANCE, JR. | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-1593 |
| v. | : | (JUDGE MANNION) |
| COMMONWEALTH OF PENNSYLVANIA, et al. | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the court is the plaintiff Gary L. Dance, Jr.'s ("Dance") second motion to supplement his complaint to add newly ripe Title VII claims.[1] (Doc. 63). Based on the following, Dance's motion will be **GRANTED.**

### I. BACKGROUND

On December 29, 2017, Dance filed a complaint in the Eastern District of Pennsylvania ("Eastern District"). (Doc. 1). Dance's complaint alleges five

---

[1] Although the title of Dance's motion indicates it is a motion for leave to file a second amended complaint, it appears that Dance is actually seeking leave to file a supplemental pleading to add claims that occurred after the filing of the amended complaint. See Fed.R.Civ.P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."). Therefore, the court will construe Dance's motion as a motion for leave to file a supplemental pleading pursuant to Rule 15(d).

counts all sounding in employment discrimination against defendants the Commonwealth of Pennsylvania ("Commonwealth"), the Pennsylvania State Police ("PSP"), and several individuals affiliated with the PSP, (collectively, "Defendants"). Defendants filed a motion to dismiss and a motion to transfer venue on April 23, 2018. (Doc. 10). After receiving briefs from the parties, the Eastern District court held a hearing on June 19, 2018, regarding the Defendants' motion to dismiss. (Doc. 17). According to the Eastern District court, at the hearing, Dance consented to dismiss some of the claims that Defendants sought to dismiss in their motion. (Doc. 18). Then, on July 9, 2018, the Eastern District court issued a memorandum, (Doc. 18), and order, (Doc. 19), which dismissed the claims agreed to by the parties and transferred the case to this court.[2]

On August 27, 2018, Defendants filed another motion to dismiss, (Doc. 23), which this court granted on February 4, 2019, (Doc. 37). Considering the statutes of limitation presented by Defendants in their motion to dismiss, the court dismissed Dance's claims under 42 U.S.C. §1983 that occurred prior to December 29, 2015, and the claims under Title VII of the Civil Rights Act of 1964 that occurred prior to September 15, 2015. Consequently, the

---

[2] Counts I and II were dismissed as to the Commonwealth and the PSP, and Counts III, IV, and V were dismissed as to all of the individual defendants. These Counts are discussed in further detail below.

court dismissed three individual defendants, Colonel Marcus Brown, Lieutenant Colonel George Bivens, and Captain Gregory Bacher, who no longer had claims against them remaining. The remaining individual defendants were Colonel Tyree Blocker, Major Edward Hoke, Director Wendell Morris, Director Michael Witmer, Lieutenant Colonel Lisa Christie, and Captain David Cain, (collectively, "Individual Defendants").

Shortly after the court entered its order on February 4, 2019, Dance obtained new legal counsel and filed a motion for reconsideration, which this court denied. (Doc. 43; Doc. 56; Doc. 57). Dance also filed a motion for leave to amend his complaint, (Doc. 50), which essentially sought to clarify the allegations of the original complaint but did not add any additional claims. Defendants did not oppose the motion, and the court granted the motion to amend by order dated May 23, 2019. (Doc. 58).

Count I of the amended complaint alleged violations of Title VII by the Commonwealth and the PSP. Count II alleged violations of the Pennsylvania Human Relations Act ("PHRA") by the Commonwealth and the PSP. Count III alleged violations of Section 1983 by the Individual Defendants in their personal capacities. Count IV alleged violations of the Equal Protection Clause by the Individual Defendants in their personal capacities. Finally, Count V alleged First Amendment retaliation by Individual Defendants.

Thereafter, Dance filed the present motion for leave to file a supplemental pleading, (Doc. 63), and a brief in support, (Doc. 64). Dance seeks to add four additional counts. The proposed Count VI alleges violations of Title VII by the Commonwealth and the PSP. The proposed Count VII alleges violations of Section 1983 by individual defendant Major Hoke in his personal capacity. The proposed Count VIII alleges violations of the Equal Protection Clause by Major Hoke in his personal capacity. Finally, proposed Count IX alleges First Amendment retaliation by Major Hoke.

The proposed new Counts all pertain to Defendants' alleged discrimination against Dance in February and March 2019, and their alleged failure to promote Dance from the position of Captain to Major in March 2019. Dance indicates that the failure to promote him prompted him to file a new EEOC charge on May 24, 2019, and that he received his right-to-sue letter on July 3, 2019.

Defendants filed a brief in opposition to Dance's motion, (Doc. 67), and Dance filed a reply brief, (Doc. 68). The matter is now ripe for this court's review.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a

supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

The standard under Rule 15(d) is "essentially the same" as that under 15(a), and leave to supplement should be granted unless it causes undue delay or undue prejudice. *Medeva Pharma Ltd. v. American Home Prods. Corp.,* 201 F.R.D. 103, 104 n. 3 (D.Del.2001); *see also Abney v. Younker*, No. 1:13-CV-1418, 2016 WL 1559154, at *1-2 (M.D.Pa. Apr. 18, 2016).

Under Rule 15(a), amendments to a pleading prior to trial may only occur within twenty-one days of service, with the opposing party's written consent, or the court's leave. Fed.R.Civ.P. 15(a)(1)-(2). "The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). The Third Circuit has embraced a liberal approach to granting leave to amend to ensure that "particular claim[s] will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.,* 921 F.2d 484, 486-87 (3d Cir. 1990).

Nevertheless, the court may deny a motion to amend, or in this case to supplement a pleading, in the absence of substantial or undue prejudice because of bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed, or futility of amendment. *Heyl & Patterson Int'l, Inc., v. F.D. Rich Housing of V.I., Inc.,* 663 F.2d 419, 415 (3d Cir. 1981).

## III. Discussion

Here, Dance argues that he should be granted leave to supplement the amended complaint because all pertinent factors weigh in his favor. More specifically, Dance argues that there has been no undue delay since he filed the new EEOC charge on May 24, 2019, shortly after the promotions at issue occurred, received his right-to-sue letter on July 3, 2019, and filed the present motion on July 19, 2019. Additionally, Dance argues that his motion is not based on a dilatory motive, given the timing of the events above, and that it is based in good faith and not futile, since it is based on many of the same facts and circumstances forming the basis of the original and amended complaints.

Finally, Dance argues that Defendants would not be unduly prejudiced since discovery has not yet concluded and that there is no unfair surprise because the claims Dance seeks to add are "almost perfectly parallel with prior events already averred in this case." (Doc. 64, at 11). In fact, Dance argues, supplementation would be to the advantage of all parties because it would avoid a separate federal lawsuit against the same defendants, arising from the same circumstances, and involving overlapping decision makers.

Conversely, Defendants argue that Dance is attempting to group two separate lawsuits into one. More specifically, Defendants contend that the original Counts pertain to Dance's promotion from Lieutenant to Captain,

from February 2012 to February 2018, whereas the new Counts pertain to "a wholly separate promotion" from Captain to Major in March 2019. (Doc. 67, at 5). Therefore, Defendants argue, because the new claims do not stem from the same transaction and involve different facts, witnesses, and several different defendants, it should be filed as a separate claim.[3]

Here, the court will grant Dance leave to file a supplemental pleading. Although Defendants argue that the events underlying the new claims pertain to a different time period than the events alleged in the original and amended complaints, that is precisely the point of a supplemental pleading. Where an amended pleading covers matters that occurred at the time the original pleading was filed, a supplemental pleading covers matters that have occurred subsequently. *See* Jack H. Friedenthal et al., Civil Procedure 321-22 (5th ed. 2015). A supplemental pleading can be used, as in the present case, to add related claims that have newly arisen. *See Griffin v. County School Board of Prince Edward County*, 377 U.S. 218, 227 (1964) (Rule 15(d) "plainly permits supplemental amendments to cover events

---

[3] Defendants assert that to join the two actions would constitute a misjoinder pursuant Federal Rule of Civil Procedure 21 and *DirectTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006) (Misjoinder "occurs when there is no common question of law or fact or when . . . the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction."). However, as Dance points out in his reply brief, (Doc. 68), misjoinder refers to joinder of parties, and Dance does not seek to add any additional parties through his second amended complaint.

happening after suit . . . . Such amendments are well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice."). Therefore, since Dance seeks to add nearly identical claims that occurred after the filing of his amended complaint, the grant of leave to supplement the pleadings is appropriate here, given Defendants' failure to demonstrate, or to allege, prejudice, undue delay, or bad faith. Furthermore, although Defendants argue that the new Counts involve different parties than the original Counts, Dance has not sought to add these additional parties, since the new Counts are solely against the named defendants Major Hoke, the Commonwealth, and the PSP.

Therefore, given the liberal standard the court is to apply to supplemental pleadings, the absence of undue delay or bad faith by Dance, and the minimal prejudice to the Defendants, the court will grant Dance's motion to supplement, (Doc. 63).

Accordingly, Dance's motion for leave to file a supplemental pleading, (Doc. 63), shall be **GRANTED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 2, 2019**
18-1593-03